### F. H. BAYNE ET AL. V. SAMUEL A. DENNY.

(No. 1254, Op. Book No. 2, p. 565.)

APPEAL from Houston County. Opinion by WINKLER, J.

    § 808. *Assignment for benefit of creditors held fraudulent and void, because of a certain reservation contained in it.* An assignment made for the benefit of creditors

contained the following clause in favor of the assignors, viz.: "And we stipulate that we shall be fully released and discharged from liability on account of any of the aforesaid debts as a condition of this assignment; and that any of said creditors who accept said assignment shall thereby release and discharge us from their claims against us." *Held*, that this reservation in the deed rendered it fraudulent and void upon its face as to creditors. [Baldwin v. Peet, 22 Tex. 708; R. S. 2465; Burrill on Assignments, §§ 195, 196.] This suit was brought by appellee, trustee in the deed of assignment, against appellant Bayne as sheriff, and Greenleve, Block & Co., plaintiffs in attachment, to recover the value of property conveyed in the deed of assignment, and seized and sold by Bayne as sheriff under a writ of attachment in favor of Greenleve, Block & Co. against the assignor in the deed. Appellants set up in defense that the deed of assignment was fraudulent and void as to the creditors of the assignor. The verdict and judgment of the court below sustained the deed, and appellee recovered judgment against appellants for the value of the property.

March 8, 1882.    Reversed and remanded.

NOTE.— There had been a former appeal in this same case. The first appeal was from a judgment of the court below sustaining defendant's demurrer to plaintiff's petition. The appeal was decided by the commissioners of appeal, Presiding Judge WALKER delivering the opinion, and the judgment of the lower court was reversed and the cause remanded for trial upon its merits, the decision being that the plaintiff's petition was sufficient. The opinion of the court on the first appeal is not accessible, having been destroyed in the fire at Galveston, January 13, 1881.